Dill Products, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kathryn Cuff, Respondents.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John R. Warner, Charles W. Craven* and *Marshall, Dennehey & Warner,* for petitioner.

*Arnold F. Larkin,* and *Fox & Fox,* for respondent.

OPINION BY JUDGE ROGERS, May 14, 1979:

Dill Products has appealed from a decision of the Workmen's Compensation Appeal Board affirming a referee's decision denying its petition for termination of compensation payable to Kathryn Cuff.

On September 27, 1973, Ms. Cuff was injured when another employee ran over her left foot with a metal rack used to carry bundles of wire. An immediate x-ray and medical examination revealed tenderness over the bones in the top of her foot but no fractures. On October 3, 1973, Ms. Cuff visited her family physician, Dr. Arthur Martella, complaining of numbness in her legs. Dr. Martella treated the injured foot and advised her to report her condition later. During the next several weeks the pain and numbness in both of her legs became progressively worse until Ms. Cuff was unable to walk. An orthopedic surgeon examined Ms. Cuff on December 28, 1973 and found her original injury completely healed and discerned no orthopedic cause for the pain and numbness in her legs. On February 3, 1974, Ms. Cuff was hospitalized and given a neurological examination. Dr. Martella's final diagnosis upon her discharge from the hospital on February 21, 1974 was "diabetes mellitus, chronic alcoholism, peripheral neuritis, secondary to nutritional deficiency."

A Notice of Compensation Payable had been filed on October 24, 1973 granting Ms. Cuff compensation benefits of $78.67 per week from the date of her in-

jury. On January 14, 1974, Dill Products filed its petition for termination of benefits, alleging that Ms. Cuff's disability ceased on or before December 28, 1973, the date of the orthopedic examination. A referee conducted a hearing and received evidence, including Dr. Martella's deposition. The referee made the following finding of fact:

14. The injury to the Claimant's left foot on September 27, 1973 triggered or started off a severe emotional strain in the Claimant, she developed peripheral neuritis, the numbness made her feel more emotional [sic] distraught, and this let her become depressed, she then started drinking more heavily and not eating, all of this on top of her diabetes condition and alcoholism caused the Claimant to feel the numbness in both of her feet and legs, referred to as anesthesia of the feet and legs

and awarded compensation. The Workmen's Compensation Appeal Board affirmed. We affirm the Board.

The only question presented by Dill Products is that of whether the referee's finding was supported by competent evidence. We believe that it was. Dr. Martella, Ms. Cuff's family physician, who had treated her for two years prior to her injury, testified that "the injury was minor, but it triggered off a peripheral neuritis in her foot." He further testified that the neuritis was complicated by diabetes and Ms. Cuff's emotional state, which latter caused her to become depressed and withdrawn, to drink more heavily than before and to stop eating. He believed that the numbness and pain in Ms. Cuff's legs was a psychological reaction to her physical ailments. In his opinion the injury to the foot "triggered off everything." This testimony fully supported the referee's finding.

Order affirmed.

### ORDER

AND Now, this 14th day of May, 1979, the decision of the Workmen's Compensation Appeal Board dated September 22, 1977 is affirmed.