537 A.2d 399

Joseph A. Leo, Petitioner *v.* Workmen's Compensation Appeal Board (Borough of Charleroi), Respondents.

Argued October 6, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Franklin L. Bialon,* for petitioner.

*Thomas V. Gebler,* with him, *Daniel R. Gigler, Robb, Leonard & Mulvihill,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 24, 1988:

Before the Court in this workmen's compensation case is the petition of Joseph A. Leo, Claimant, who seeks review of an order by the Workmen's Compensation Appeal Board (Board), an order which reversed a referee's award of benefits. We will reverse and reinstate the referee's award of benefits.

The facts are simple and not in controversy. Claimant last worked as a policeman for the Borough of Charleroi, having held this post for the period from 1974 through April 7, 1980, and having worked in the Street Department of the Borough from 1968 to 1974. Upon transfer from the Street Department to the Police Department, Claimant experienced a mental breakdown, a biological illness diagnosed as paranoia schizophrenia. His physical illness was triggered by the stress he experienced in his efforts to fulfill the post of a police officer.

The referee's key findings are as follows:

4. The claimant was an employee of the defendant from 1968. Claimant worked in the Street Department of the Borough of Chareleroi from 1968 through 1974 and with defendant's Police Department from 1974 through April 7, 1980.

. . . .

6. Upon consideration of all lay testimony and medical evidence of record in this case and

based upon the sufficient, competent and credible medical evidence of record in this case from Dr. Oscar Urrea, claimant's treating doctor, your Referee finds as a fact that on April 7, 1980, claimant became totally disabled as a result of stress to which he was subjected to as a police officer for the defendant and he is unable to perform the duties of a police officer because he would be a danger to himself as well as to others. Claimant's job stresses included carrying a gun; giving tickets; his fear of suspension; wanting to be a policeman and not being able to perform the job; not being liked and being picked upon by his superiors and other members of the police force. As a Street Department employee claimant had good work habits, was dependable and friendly. As a police officer, claimant wasn't friendly; wouldn't carry on conversations and was withdrawn.

The issue before the Board was as to the validity of the referee's first Conclusion of Law which reads:

1. The Claimant has presented sufficient, competent and credible evidence to establish that his mental illness resulted from work-related stresses in the course of his employment with the defendant and related thereto not from subjective reaction to a normal work environment and as a result thereof his claim petition should be granted.

The Board in reversing the referee's award, found the Claimant's disabling condition "psychic illness," a designation which was not supported by the testimony of Claimant's attending physician and psychiatrist, Dr. Oscar Urrea, the medical opinion which was adopted by the referee. As noted, Dr. Urrea diagnosed Claimant's condition as a biological disease, paranoia schizophre-

nia, disabling characteristics of which were triggered by stresses in the position which he attempted to fill as a policeman for the Borough of Charleroi. The Board, nevertheless, concluded that Claimant suffered a "psychic illness," and stated:

> Claimant's Brief cites the case of Bevilacqua vs. W.C.A.B., 475 A.2d 959 (1984) to support the affirmation of the Referee's decision. Defendant cites Russella[1] in support of its position. Our intense study of those citations has led us to conclude that the instant case is far more analogous to Russella and thus to Thomas.[2] The burden required in Thomas relative to the issue of other than a subjective reaction to normal working conditions has not been met in this case. The Referee's Conclusion of Law No. 1 is in error and thus we must Reverse.

We must disagree with the Board's conclusion that the result in this case is controlled by *Russella* and *Thomas* rather than by *Bevilacqua*, since we find no sensible basis for distinguishing this case from the decision in *Bevilacqua*. Thus, there, as in this case, there was a change of duties for the claimant; in *Bevilacqua* Claimant had been employed by his family company for twenty years, for the first fifteen years as a sheet metal worker under the direct supervision of a foreman. During this first fifteen years, his father and two uncles ran the business. Five years prior to the claimant's complete breakdown, his father retired and claimant assumed his father's duties as an estimator, in which post he was required to supervise other employees, perform estimates

---

[1] *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa. Commonwealth Ct. 471, 497 A.2d 290 (1985).

[2] *Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Co.)*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980).

for customers and do other forms of paperwork. With the change of his duties he became depressed, suffered anxiety and mental confusion becoming totally disabled. In distinguishing *Thomas* in *Bevilacqua,* we there stated at 82 Pa. Commonwealth Ct. 515-516, 475 A..2d 961:

> In the instant case, the medical testimony unequivocally establishes that the claimant began to develop mental illness upon assuming his father's job, a position of greater responsibility than he formerly held. *This change in responsibilities distinguishes the case at bar from Thomas.* Except for the stabilization in September and October, 1978, as long as the claimant attempted to perform his new duties, his condition deteriorated in an objectively discernable manner. Ultimately, he became totally disabled. Recently, we recognized that such a long-term process may result in a compensable mental injury. See McDonough v. Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania), 80 Pa. Commonwealth Ct. 1, 470 A.2d 1099 (1984). We believe that the present case is analogous to McDonough and conclude, therefore, that the claimant suffered a compensable injury on June 23, 1980. (Emphasis added.)[3]

In *Russella* it is specifically stated of the Claimant that "his duties did not vary over his years of employment." Having ten years of the same form of work, claimant began to suffer symptoms which caused him to undergo a "severe neurasthenia, an emotional disorder

---

[3] Also, in *Thomas* there was a purely psychiatric injury, a highly subjective ailment and claimant's disability consisted principally of his "daily fear of another traumatic incident." It was this that we termed in *Thomas* the "subjective reaction to being at work and being exposed to normal working conditions," which we concluded did not constitute an "injury under the Act."

which affects the physical capacity of an individual to function because of a combination of anxiety and depression." This was diagnosed as a "psychiatric injury" and, therefore, recovery depended upon proof that "such injury [was] other than a subjective reaction to normal working conditions." That case was resolved against the claimant and, we note, also contained a serious causation question. The decision, however, did turn upon the conclusion that claimant's disability was "his subjective reaction to normal working conditions," and, therefore, was not a recoverable injury.

Since we feel bound to recognize the difference between *Thomas* and *Russella* on the one hand, and our indistinguishable decision in *Bevilacqua*, we will reverse and order reinstatement of the referee's award of benefits.

## ORDER

Now, February 24, 1988, the order of the Workmen's Compensation Appeal Board as of No. A-90358, dated July 25, 1986, is hereby reversed and the decision of the referee is reinstated.

Judge COLINS dissents.