# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy Kratz,                                  :
                Petitioner                 :
                              :   No.   758 C.D. 2021
      v.                                       :
                              :   Argued: September 14, 2022
Commonwealth of Pennsylvania,               :
Department of Corrections (Workers'         :
Compensation Appeal Board),                 :
                Respondent                :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: November 30, 2022

Amy Kratz (Claimant) petitions for review of the Workers' Compensation Appeal Board's (Board) June 15, 2021 order affirming the Workers' Compensation Judge's (WCJ) decision that denied Claimant's claim petition that alleged a work-related physical/mental injury. Discerning no error, we affirm.

## Factual and Procedural Background

The pertinent facts as found by the WCJ may be summarized as follows. Claimant was working as a Registered Nurse (R.N.) for the Department of Corrections (Employer) in the medical department at the State Correctional Institution at Mahanoy

on February 11, 2019, where she had been employed for four years. (Reproduced Record (R.R.) at 24a.) On February 11, 2019, she was completing an assessment of an inmate, who requested a triage after stating he was not feeling well. *Id*. at 25a-26a. She was standing in front of the inmate, who was seated in a wheelchair. *Id*. While he was taking cough medicine and she was providing verbal instructions and education, he reached over and grabbed between her legs. *Id*. According to Claimant, she then used both hands to push him away. *Id*. Claimant reported that she had some swelling and tenderness of her genital area for about two or three days afterwards. *Id*. at 28a. On February 15, 2019, Claimant went to an urgent care office, complaining of anxiety. *Id*. at 31a. During her regularly scheduled OB-GYN visit, Claimant was examined by a physician's assistant. *Id*. at 28a. She did not treat with any other providers for her physical symptoms. *Id*. at 30a.

With regard to her psychological or mental symptoms following the incident, Claimant initially saw her family practitioner, Eileen Connors, who prescribed Xanax, Lexapro, and Trazodone. *Id*. at 31a. She then saw a psychiatrist, Dr. Saba, who changed her prescriptions to Effexor, Neurontin and Minipress. *Id*. She also began to visit Dr. Kim Gainey, a psychologist, for therapy. *Id*.

On February 28, 2019, Claimant filed a claim petition against Employer, describing the work injury as "swelling and tenderness of genital area, anxiety, depression and sleep disturbance." *Id*. at 1a. The petition further alleged that Claimant provided notice to her supervisor and stopped working on February 11, 2019. *Id*.

Employer issued a Notice of Compensation Denial (NCD) on February 21, 2019, conditionally denying that Claimant sustained any work injury pending further investigation. *Id*. at 45a. Employer then issued a second NCD on February 28, 2019, denying that Claimant sustained a work injury. *Id*. at 47a.

2

At a hearing held before the WCJ on April 2, 2019, Claimant testified that since the incident, she has felt very angry, nervous, sad, tired, and anxious. (Notes of Testimony (N.T. 4/2/19) at 20; R.R. at 30a.) She testified that she previously did not take any medications for her mental health, and she did not previously treat with psychologists or psychiatrists. *Id*. at 22; R.R. at 32a. She also testified that her attorney referred her to Dr. Burton Weiss, and she was scheduled to see him on the Tuesday after the hearing.[1] *Id*.

A second hearing was held on December 17, 2019. Claimant testified that she last saw Dr. Gainey in the beginning of September. She was not scheduled for a follow-up, and Dr. Gainey told her to come in as needed. (Notes of Testimony (N.T. 12/17/19), at 10-12; R.R. at 273a-75a.) She continued to see Dr. Saba every two months for medications. *Id*.

She returned to work as an R.N. for Employer without restrictions on August 19, 2019, at the same location and for the same rate of pay. *Id*. at 13; R.R. at 276a. She testified that she felt "pretty good," provided she takes her medication every day. *Id*. at 14; R.R. at 277a. She maintained that she was "not quite" back to normal. *Id*. She explained that her medication lessened her anxiety and moodiness and helped her concentrate, but without medication, she was unable to concentrate. She also had difficulty sleeping, and loud sounds made her jump, and she became anxious or nervous in a room with a lot of people. *Id*. at 14-15; R.R. at 277a-78a. She testified she did not have these symptoms or problems prior to February 11, 2019. *Id*. at 15; R.R. at 278a.

---

[1] At the April 2, 2019 hearing, Claimant's counsel confirmed that Claimant was proceeding only under the physical/mental burden of proof and not the mental/mental standard. (N.T. 4/2/19 at 5; R.R. at 17a.)

In support of her claim petition, Claimant presented the deposition testimony of Dr. Weiss, who was board certified in neurology and psychiatry. Dr. Weiss evaluated Claimant on April 9, 2019. (Weiss Deposition, 6/25/19 at 12; R.R. at 62a.) He opined that Claimant suffered from post-traumatic stress disorder (PTSD) as the result of the February 11, 2019 incident. *Id*. at 22; R.R. at 72a.

Employer offered into evidence a DVD of the incident from two different angles. Employer also offered, by deposition, the testimony of Larry Rotenberg, M.D., who is also board certified in psychiatry and neurology, who evaluated Claimant on May 7, 2019. (Rotenberg Deposition, 8/15/19 at 14; R.R. at 146a.) Dr. Rotenberg disagreed with Dr. Weiss's psychological diagnosis because the incident did not match the DSM-5 (Diagnostic and Statistical Manual of Mental Disorder, Fifth Edition) criteria for PTSD. *Id*. at 47-48; R.R. at 179a-80a. He reviewed video footage of the incident, which he described as "literally a momentary incident" and testified that the event was inconsistent with a diagnosis of PTSD. *Id*. He also found Claimant's description of the incident to be inconsistent with the video. *Id*. at 54; R.R. at 186a. Dr. Rotenberg further noted that Claimant had "serious emotional problems going back a long time" and "preexisting mood and psychological issues." *Id*. at 50-51, 55; R.R. at 182a-83a, 187a. He recounted that Claimant's mother died when she was 15, she has a child with end-stage renal disease, and she supports her fiancé who has medical problems. *Id*. He opined that Claimant had a dysthymic disorder, which he described as chronic, mild depression with unspecified personality disorder with antisocial features. *Id*. at 54-55; R.R. at 186a-87a. He maintained that while the incident on February 11, 2019, was unpleasant, it did not result in any psychiatric syndrome of any kind. *Id*. at 55; R.R. at 187a.

4

The WCJ issued his decision on June 30, 2020, denying and dismissing Claimant's claim petition. Regarding the video evidence of the incident, the WCJ found that the DVD depicted an inmate, who was seated in a wheelchair in a hallway to the right and in front of Claimant. (WCJ Decision, 6/3/20 at 7.) After Claimant provided the inmate with medication, the inmate touched Claimant momentarily in the genital area for approximately one second or less. *Id*. Claimant used only her right hand to immediately push the inmate's hand away while she stepped backwards away from the inmate. *Id*. A guard then quickly arrived and moved the inmate away in his wheelchair. *Id*.

The WCJ found Claimant not credible to the extent that she testified that she suffered a physical injury requiring treatment and mental disability due to the incident. *Id*. at 8. The WCJ found Claimant's description of the incident was inconsistent with the DVD footage, as the offensive touching lasted one second or less. *Id*. The WCJ noted that Claimant was able to push the inmate's hand away with use of only her right hand. *Id*. The WCJ found Claimant did not suffer a physical injury.

Regarding Claimant's alleged mental injury, the WCJ accepted the opinions of Employer's medical expert witness, Dr. Rotenberg, as credible and persuasive. The WCJ was more persuaded by the reasoning provided by Dr. Rotenberg that he disagreed with any psychological diagnosis because the incident did not match the DSM-5 criteria for PTSD and that the video footage of the incident was also inconsistent with a diagnosis of PTSD. *Id*. at 9.

Based on the foregoing, the WCJ concluded that Claimant did not sustain a physical/mental injury as a result of the incident on February 11, 2019. Claimant appealed to the Board, which affirmed in an opinion dated June 15, 2021.

5

**Issues**

On appeal,[2] Claimant argues that she presented evidence of a physical/mental injury that was sufficient to meet her burden to prove that she suffered a compensable mental injury using the physical/mental standard. In the alternative, Claimant urges this Court to adopt a new standard under the Workers' Compensation Act[3] (Act) for a sexual assault/mental injury to determine if there is a compensable mental injury when employees suffer a sexual assault in the course and scope of their employment. Claimant argues that her case is proof that victims of such a physical stimulus as a sexual assault can have a compensable mental injury even without a noticeable **physical** injury requiring medical treatment.

**Discussion**

With respect to a claim petition, the claimant bears the burden of proof and must establish each element necessary in order to sustain an award under the Act, including the existence of a work-related injury resulting in disability. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592 (Pa. 1993). Generally, if there is no obvious relationship between the disability and the work-related cause, unequivocal medical testimony is required to meet this burden of proof. *Fotta v. Workmen's Compensation Appeal Board (U.S. Steel)*, 626 A.2d 1144, 1146 (Pa. 1993); *Lewis v. Workmen's Compensation Appeal Board*, 498 A.2d 800, 802 (Pa. 1985). The medical witness must testify that, in his or her professional opinion, the injury came from the work incident. *Lewis*, 498 A.2d at 802.

---

[2] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed ,or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Psychological injuries fall into three categories: "[(1)] mental-mental, whereby a mental or psychic condition is caused by a psychic stimulus; [(2)] mental-physical, whereby a psychic injury manifests itself in some physical form; and [(3)] physical-mental, whereby a physical injury results in psychic distress." *Payes v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 79 A.3d 543, 550 (Pa. 2013); *accord Ryan v. Workman's Compensation Appeal Board (Community Health Services)*, 707 A.2d 1130, 1133-34 (Pa. 1998); *Murphy v. Workers' Compensation Appeal Board (Ace Check Cashing Inc.)*, 110 A.3d 227, 234 (Pa. Cmwlth.) (*en banc*), *appeal denied*, 126 A.3d 1286 (Pa. 2015).

Where, as here, a claimant asserts a claim under the physical/mental standard, the claimant must establish that the mental injury resulted from "a triggering physical stimulus" and arose during the course of employment. *Murphy*, 110 A.3d at 234 (*citing Bartholetti v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 927 A.2d 743, 746 (Pa. Cmwlth. 2007)). Our case law has interpreted the term "physical stimulus" to mean "a physical injury that requires medical treatment, even if that physical injury is not disabling under the [Act]." *Murphy*, 110 A.3d at 234; *accord Anderson v. Workers' Compensation Appeal Board (Washington Greene Alternative)*, 862 A.2d 678, 685 (Pa. Cmwlth. 2004); *Pittsburgh Board of Education v. Workers' Compensation Appeal Board (Schulz)*, 840 A.2d 1078, 1081 (Pa. Cmwlth.), *appeal denied*, 857 A.2d 681 (Pa. 2004); *Donovan v. Workers' Compensation Appeal Board (Academy Medical Realty)*, 739 A.2d 1156, 1161 (Pa. Cmwlth. 1999); *Ryan*, 707 A.2d at 1131. "Additionally, the mental injury must be related to the physical stimulus." *Murphy*, 110 A.3d at 234. In other words, a claimant must prove that a physical work injury requiring medical treatment caused a psychological injury. *Murphy*, 110 A.3d at 234.

In *Ryan*, the physical/mental standard did not apply because the physical stimulus did not cause the mental injury. There, the claimant was involved in a work-related automobile accident in which she sustained physical injuries that were accepted by her employer. More than a year after the accident, the claimant learned that the other driver, who had sustained severe injuries, filed a lawsuit against her. *Ryan*, 707 A.2d at 1132. Thereafter, the claimant began experiencing depression and stopped working. She filed a petition for review to expand her accepted work-related physical injuries from the accident to include a work-related mental disability. *Id*. Our Supreme Court concluded that the claimant's mental injury was not caused by the work-related physical stimulus, *i.e.*, the accident, but by a psychological stimulus, *i.e.*, the lawsuit. *Id*. at 1134-35. Consequently, the physical-mental standard did not apply. *Id*. at 1135.

Applying the foregoing analysis here, substantial evidence supports the WCJ's finding Claimant did not establish that her mental injury resulted from a work-related, triggering physical stimulus. First, regarding the physical prong of the physical/mental claim, Claimant argues that she was the victim of a sexual assault, and that sexual assault should be considered a physical stimulus even absent a physical injury. Although this is certainly a valid argument, we need not decide the issue instantly because Claimant failed to meet the second prong of the physical/mental test.[4] Based on the credited evidence, the WCJ found that Claimant did not prove that she suffered a mental injury as the result of the incident. Although Dr. Weiss opined that the incident caused PTSD, Dr. Rotenberg opined that Claimant did not sustain a

---

[4] In fact, it would not be appropriate to address the issue because it is not essential to our decision. As such, it would in effect constitute mere dicta. *See Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1243 n.11 (Pa. 2015) (quoting *Valley Township v. City of Coatesville*, 894 A.2d 885, 889 (Pa. Cmwlth. 2006)) ("dicta is 'an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. Dicta has no precedential value.'").

8

physical/mental injury as a result of the February 11, 2019 incident and did not meet the DSM-5 requirements for PTSD. The WCJ credited the opinions of Dr. Rotenberg as more credible and persuasive and, based on that evidence, concluded that Claimant did not meet the burden of proof for purposes of establishing that she suffered a compensable mental injury using the physical/mental standard.

The WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight. *Lindemuth v. Workers' Compensation Appeal Board (Strishock Coal Co.)*, 134 A.3d 111, 125 (Pa. Cmwlth. 2016). In executing his role as factfinder, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Id*. It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the inquiry before this Court is whether substantial evidence exists to support the findings actually made. *Minicozzi v. Workers' Compensation Appeal Board (Industrial Metal Plating, Inc.)*, 873 A.2d 25, 29 (Pa. Cmwlth. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Philadelphia v. Workers' Compensation Appeal Board (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011). When performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party that prevailed before the factfinder. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998). We must also draw all reasonable inferences deducible from the evidence that supports the factfinder's decision in favor of the prevailing party. *Id*.

Furthermore, a WCJ's credibility determinations are due substantial deference, and such determinations may only be overturned if they are "arbitrary and capricious or so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render [them] irrational." *Casne v. Workers' Compensation*

*Appeal Board (STAT Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008). As Claimant has provided no legitimate basis for this Court to overturn the WCJ's credibility determinations, we must decline to do so.

Consequently, the WCJ did not err in concluding that the physical/mental standard did not apply. As a result, we are constrained to conclude that WCJ did not err in denying Claimant's Claim Petition.[5]

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Because we conclude that the WCJ did not err in concluding that Claimant failed to establish the second prong of the physical/mental injury because she failed to demonstrate that she suffered a mental injury, Claimant's alternative issue asking this Court to adopt a "sexual assault/mental injury" standard (which would do away with having to prove a noticeable physical injury requiring medical treatment) will have to wait for another day.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy Kratz, : 
        Petitioner :
                 :   No.  758 C.D. 2021
      v. :
                 :
Commonwealth of Pennsylvania, :
Department of Corrections (Workers' :
Compensation Appeal Board), :
        Respondent :

## ***ORDER***

AND NOW, this 30th day of November, 2022, the June 15, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge