**ELLWOOD QUALITY STEEL COMPANY and Royal & Sun Alliance, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HARPER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2000.

Decided Jan. 8, 2001.

Francis A. Veltri, Pittsburgh, for petitioners.

Susan M. Papa, New Castle, for respondent.

Before COLINS, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

COLINS, Judge.

Ellwood Quality Steel Company (Ellwood) and its workers' compensation insurance carrier, Royal & Sun Alliance, petition for review of the Workers' Compensation Appeal Board (Board) order affirming a workers' compensation judge's grant of David Harper's claim petition seeking specific loss benefits under Sec-

tion 306(c)(22) of the Workers' Compensation Act (Act)[1] for permanent disfigurement of his neck.

Harper's claim petition alleged that on June 9, 1997 while he was working as a furnace operator for Ellwood, as he was removing a temperature probe from liquid steel a piece of hot slag flew up and hit him in the neck under his coat, causing a disfiguring scar. Harper testified in support of his petition, describing the circumstances surrounding the injury and stating that he normally wears a flame-retardant coat, pants, and gloves; a hard hat; safety glasses; muffs; and a respirator when he works. He testified that he and co-workers most often sustain burns to their hands when sparks or slags go down their gloves. Ellwood presented the testimony of Rick Rhoades and Erwin Campbell. Mr. Rhoades, an arc furnace operator, testified that he frequently receives burns during the course of his work and has burn scars on his hands and body; he has no burn scars on his face and neck. Mr. Campbell, a smelter supervisor in charge of the area where Harper worked, testified that he has hundreds of burn scars, on his face, hands, neck, back, and stomach. He acknowledged that not all burns cause scars.

The judge concluded that Harper met his burden of proving that he sustained a serious and permanent, unsightly work-related disfigurement of his neck that was not usually incident to his employment. The judge found that the testimony of Campbell and Rhoades did not conclusively establish that disfiguring scars are incidental to employment as a furnace operator at Ellwood. The Board affirmed.

On appeal[2] to Commonwealth Court, Ellwood argues, as it did before the Board, that Harper failed to prove that his disfigurement was not incident to his employment, and that the judge's findings on that issue are not supported by the evidence. It argues that the testimony of Campbell and Rhoades establishes unequivocally that furnace operators are routinely exposed to, and are burned and scarred by, flying pieces of slag and molten steel, and that the judge misapplied our decisions in *Pittsburgh Forgings Company v. Workmen's Compensation Appeal Board,* 56 Pa. Cmwlth. 150, 424 A.2d 965 (1981), and *City of Philadelphia v. Workmen's Compensation Appeal Board (Harvey),* 690 A.2d 1293 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 729, 702 A.2d 1061 (1997).

■ A claimant who is seeking benefits for disfigurement under Section 306(c)(22) of the Act must prove that the injury occurred in the course of his employment and that the disfigurement is 1) serious and permanent, 2) of such a character as to produce an unsightly appearance, and 3) not usually incident to the claimant's employment. *Harvey,* 690 A.2d at 1296.

In *Pittsburgh Forgings,* we affirmed an award of benefits for disfigurement, concluding that the referee's finding that disfigurement was not incidental to, or the usual result of, the claimants' work was supported by substantial evidence in the form of testimony that workers were often burned, but not always scarred or disfigured. We noted in that case that the employer had not offered any affirmative evidence that disfiguring scars, and not just burns, were the usual result of working as a trimmer. In *Harvey,* we affirmed an award of benefits to a firefighter who sustained disfiguring burns to his head and neck. We stated that although a firefighter risks being burned as a consequence of his employment, the claimant's testimony that he had never before filed a claim for disfigurement and the employer's failure to produce affirmative evidence that disfig-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22).

2. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

uring scars are the usual result of the work supported the judge's finding that disfigurement was not incident to the claimant's work as a firefighter.

 Giving the claimant the most favorable inferences to be drawn from the evidence, we must conclude that substantial evidence supports the judge's finding that disfigurement is not incident to Harper's work as a furnace operator. That supporting evidence includes Harper's credited testimony that he wore protective clothing while performing his work, that burns most often occurred on his hands, and that he had been burned only this once on his face and neck during nine and one-half years. Harper's testimony was corroborated by Mr. Rhoades, who similarly testified that although he has been burned often, he had no scars on his face or neck and that most of his scarring occurred on his hands and body. (August 19, 1998 Notes of Testimony, pp. 19–20.) Although Mr. Campbell testified that he had been burned hundreds of times, he exhibited some small scars on his neck for which he did not recall ever submitting an accident report;[3] he acknowledged that not all burns produce scars or disfigurement. (August 19, 1998 Notes of Testimony, pp. 25–29.) Taken as a whole, the testimony of Rhoades and Campbell does not establish that the disfiguring scars are the usual result of work as a furnace operator.

Accordingly, we affirm the Board's order.

### ORDER

· AND NOW, this 8th day of January 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** We note that scarring alone does not justify an award of benefits where the scars do not produce an unsightly appearance. *Davis v.*

*Workers' Compensation Appeal Board (H.M. Stauffer & Sons, Inc.),* 760 A.2d 899 (Pa. Cmwlth.2000).