IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Burns,                              :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Workers' Compensation Appeal             :
Board (Commonwealth of                   :
Pennsylvania/Department of               :
Public Welfare),                         :   No. 172 C.D. 2014
                        Respondent       :   Submitted: July 11, 2014


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: August 12, 2014


        Tina Burns (Claimant) petitions this Court for review of the Workers'
Compensation (WC) Appeal Board's (Board) January 7, 2014 order affirming the
Workers' Compensation Judge's (WCJ) order denying Claimant's petition for review
of compensation benefits (review petition).  Claimant presents two issues for this
Court's review: (1) whether the WCJ's decision was based on incompetent and
legally insufficient medical testimony; and (2) whether Claimant sustained a work-
related cervical disc herniation requiring surgery which resulted in left cervical
scarring.  After review, we affirm.

        On April 15, 2008, Claimant suffered a work-related injury while
working for the Commonwealth of Pennsylvania, Department of Public Welfare
(Employer), as a result of holding a patient's wheelchair steady throughout a 45-
minute van ride from Reading Hospital to Hamburg Center.  Employer issued a

Notice of Compensation Payable (NCP) and accepted the injury as a work-related cervical strain. On June 9, 2008, Claimant underwent cervical fusion surgery to C5-6 and C6-7. On August 8, 2008, Claimant's WC benefits were suspended.

On October 20, 2009, Claimant filed a review petition to amend her work injury to include disc herniations at C5-6 and C6-7, and cervical scarring. A WCJ held a hearing and on September 24, 2010, the WCJ denied Claimant's review petition because Claimant's medical evidence was insufficient to support her burden of proof. Claimant appealed to the Board. The Board remanded the matter to the WCJ because the WCJ had accepted conflicting medical testimony, finding both doctors (Stephen P. Banco, M.D. (Dr. Banco) and Elisabeth M. Post, M.D. (Dr. Post)) credible without resolving the conflict.

Upon remand, the WCJ explained that he found both doctors credible in his September 24, 2010 decision "because both doctors reached the same diagnosis." WCJ Dec., July 11, 2012 (WCJ Dec.) at 2. The only difference in their testimony was that Dr. Banco opined that the herniations resulting in the surgery that caused the cervical scarring were caused by Claimant's work injury, although he did not rule out that a prior car accident could have contributed to it. In contrast, Dr. Post stated that the cervical pathology was degenerative in nature and pre-dated Claimant's work injury. Dr. Post further testified that holding a wheelchair could not cause herniations in Claimant's cervical spine. In his remand decision, the WCJ specified that he found "Dr. Post's testimony and opinions more credible and persuasive than Dr. Banco's[,]" and again denied Claimant's review petition. WCJ Dec. at 3. Claimant appealed to the Board, and the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

---

[1] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

Claimant first argues that Dr. Post's testimony was incompetent and legally insufficient to support the WCJ's decision to deny Claimant's review petition because Dr. Post failed to acknowledge Claimant's work-related neck injury. We disagree.

"A medical expert's opinion is incompetent if it is based on an assumption that is contrary to the established facts of record." *Harrison v. Workers' Comp. Appeal Bd. (Auto Truck Transp. Corp.)*, 78 A.3d 699, 702 n.4 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence a reasonable mind might accept as adequate to support a conclusion. In performing a substantial evidence analysis, we must view the evidence, and every reasonable inference deducible from the evidence, in a light most favorable to the prevailing party." *Wawa v. Workers' Comp. Appeal Bd. (Seltzer)*, 951 A.2d 405, 407-08 n.4 (Pa. Cmwlth. 2008).

In the instant case, the NCP specified Claimant's accepted work injury as: "Body Part(s) affected CERVICAL[,] Type of injury STRAIN". NCP at 1; Reproduced Record (R.R.) at 56a. During Dr. Post's deposition, when asked about the relationship between Claimant's work injury and her cervical fusion surgery, Dr. Post testified:

> I felt that she had suffered a brachial plexus stretch injury[2] as a result of the April 15th, 2008 work accident. And I did not think that the surgery that she had was related to that accident, but rather was related to her underlying and pre-existing degenerative cervical disease.

Dr. Post Notes of Deposition Testimony, March 22, 2010 (Dr. Post Dep.) at 25; R.R. at 197a. When asked how a brachial plexus stretch compares to a brachial plexus

---

[2] The "brachial plexus is a collection of nerves" that "exit the cervical spine[;]" they go "from the neck down into the arm[.]" Dr. Post Notes of Deposition Testimony, March 22, 2010 at 25; R.R. at 197a.

strain, Dr. Post responded: "I think they're similar. The language is a bit imprecise, but I think he's describing the same thing I am." Dr. Post Dep. at 26-27; R.R. at 198a-199a. Viewing Dr. Post's testimony in the light most favorable to Employer, as we must, substantial evidence supports the conclusion that Dr. Post acknowledged Claimant's work-related neck injury. Thus, contrary to Claimant's position, the WCJ's decision was based on competent and legally sufficient medical testimony.

Claimant next asserts that she sustained work-related cervical disc herniations requiring surgery which resulted in left cervical scarring. Claimant alleges that she is entitled to disfigurement benefits. We disagree.

> A claimant who is seeking benefits for disfigurement under Section 306(c)(22) of the [WC] Act[3] **must prove that the injury occurred in the course of his employment** and that the disfigurement is 1) serious and permanent, 2) of such a character as to produce an unsightly appearance, and 3) not usually incident to the claimant's employment.

*Ellwood Quality Steel Co. v. Workers' Comp. Appeal Bd. (Harper)*, 766 A.2d 359, 360 (Pa. Cmwlth. 2001) (emphasis added). The NCP described Claimant's injury as a cervical strain, not cervical disc herniations requiring surgery.

"[U]nder Section 413(a) of the [WC] Act . . . , 77 P.S. § 771, a WCJ is empowered to amend the description of the claimant's work injury if it is proved that the NCP is materially incorrect." *City of Phila. v. Workers' Comp. Appeal Bd. (Smith)*, 946 A.2d 130, 136-37 (Pa. Cmwlth. 2008). "[T]he 'NCP is materially incorrect if the accepted injury fails to include all of the injuries that the claimant suffered in the work incident.'" *Id.* at 137 (quoting *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill),* 932 A.2d 346, 349 (Pa. Cmwlth. 2007), *aff'd*, 975 A.2d 577 (Pa. 2009)). "In addition, the NCP can be amended if the claimant files a review petition and proves that another injury subsequently arose as a consequence of the

---

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22).

4

original injury. The party seeking to amend the NCP has the burden of proving that the NCP is materially incorrect." *Harrison*, 78 A.3d at 703 (citation omitted). "[W]hen there is no obvious causal connection between the injury and the alleged work-related cause, unequivocal medical evidence is necessary to establish that connection." *Wagner v. Workers' Comp. Appeal Bd. (Ty Const. Co., Inc.)*, 83 A.3d 1095, 1098 (Pa. Cmwlth. 2014). "Medical testimony is equivocal if it is less than positive or merely based upon possibilities. In determining whether the medical testimony is equivocal, we must review the medical testimony as a whole." *Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21 A.3d 684, 690 (Pa. Cmwlth. 2011) (citation omitted).

Here, although Claimant presented Dr. Banco's testimony in support of her review petition, the WCJ found Employer's expert Dr. Post more credible and persuasive than Dr. Banco. Moreover, the WCJ adequately explained the basis for his credibility determination.

> [I]n a workers' compensation proceeding, the WCJ is the ultimate finder of fact. As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. Questions of credibility and the resolution of conflicting testimony are within the exclusive province of the fact finder. Thus, determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review.

*Joy Global, Inc. v. Workers' Comp. Appeal Bd. (Hogue)*, 876 A.2d 1098, 1103 (Pa. Cmwlth. 2005) (citations omitted). Dr. Post, when asked if the work accident that caused the injury could have "resulted in herniated discs" unequivocally testified: "No." Dr. Post Dep. at 28; R.R. at 20a. When questioned regarding whether a brachial plexus stretch requires surgery, Dr. Post responded: "Brachial plexus injuries, classically, are non-operative, and they generally either get better on their

5

own or they sometimes don't. But they are not usually helped in surgery." Dr. Post Dep. at 26; R.R. at 198a.

As the substantial evidence supports the WCJ's conclusion that Claimant did not meet her burden of proving that she suffered work-related cervical disc herniations, nor that her surgery or resulting cervical scarring were work-related, Claimant was not entitled to disfigurement benefits. Accordingly, the Board properly upheld the WCJ's determination.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Burns, :
                  Petitioner :
                   :
        v. :
                   :
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania/Department of :
Public Welfare), : No. 172 C.D. 2014
                Respondent :

O R D E R

AND NOW, this 12th day of August, 2014, the Workers' Compensation Appeal Board's January 7, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge