**CINRAM MANUFACTURING, INC. and PMA Group, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HILL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2007.

Decided Sept. 7, 2007.

---

Sheilah A. Tone, Scranton, for petitioners.

Edward F. V. Pietrowski, Scranton, for respondent.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Cinram Manufacturing, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) denying Employer's petition to terminate compensation benefits because Brian Hill (Claimant) had not recovered from his March 24, 2004 work injuries that included a herniated lumbar disc. Employer questions whether the WCJ erred in attributing to it responsibility for Claimant's herniated lumbar disc where he did not file a review petition or a claim petition for that injury; whether the WCJ and the Board erred in failing to recognize that Claimant's herniated lumbar disc was diagnosed as early as 2000 and did not result from the March 2004 work injury; and whether the WCJ and the Board improperly relied on the testimony of Claimant's medical expert, Dr. Alan Gillick, whose testimony was incompetent since he failed to recognize that the only accepted work injury was Claimant's lumbar strain/sprain.

Claimant was employed by Employer when he suffered an injury on March 24, 2004 for which Employer issued a notice of compensation payable (NCP) describing the injury as a lumbar strain/sprain. On August 6, 2004, Employer filed a notification of suspension or modification, notifying Claimant that his benefits were suspended as of August 5, 2004 because he returned to work on light-duty status. On August 13, 2004, Employer filed a termination petition alleging that Claimant recovered from his work injury as of July 12, 2004. Claimant denied that he had recovered from his work injuries. On September 9, 2004, the WCJ held a pre-trial conference on the issue of Employer's request for supersedeas, which the WCJ denied.

In support of its termination petition, Employer presented deposition testimony from Dr. Robert Smith, board-certified in orthopedic surgery, and Dr. Kevin Madden, board-certified in neurology. Claimant testified that he began working for Employer on June 27, 1988, that he injured his back in May of 2002 for which he took a three-month leave of absence, that he has had no other injuries since March 2004 and that he was not able to perform his job as a molder or to perform the light-duty job that he attempted to perform in May 2004. Claimant presented the deposition testimony of his treating physician Dr. Alan Gillick, board-certified in orthopedic surgery. He testified that Claimant sustained a herniated lumbar disc as a result

of the March 2004 work injury and that he was not capable of performing his job.

The WCJ credited the testimony of Claimant and Dr. Gillick that Claimant sustained a herniated lumbar disc that was either caused or materially aggravated by the March 2004 work injury, and the WCJ amended the NCP accordingly. Concluding that Employer failed to meet its burden to establish that Claimant had recovered from his work injury, the WCJ denied Employer's termination petition. The Board affirmed the WCJ on grounds that Claimant presented credible testimony through Dr. Gillick that the NCP was materially incorrect because it did not include Claimant's herniated lumbar disc as a work injury, that the WCJ properly amended the NCP and that Employer failed to offer any evidence to prove that Claimant had recovered from his herniated lumbar disc.[1]

■ Employer argues that the WCJ exceeded his authority by *sua sponte* expanding Claimant's accepted work injury to include a herniated lumbar disc, which Claimant never petitioned to have recognized as a work injury, and that MRIs performed in 2002 and 2004 document that his herniated lumbar disc was a pre-existing condition diagnosed in 2000, which could not have been caused by the March 2004 work injury. Employer contends that Claimant failed to present medical evidence to refute its proof that he fully recovered from the only accepted work injury of a lumbar sprain/strain, that there was no substantial, competent medical evidence to support the WCJ's finding that the work incident caused Claimant's herniated lumbar disc and that the WCJ relied upon the incompetent testimony of Dr. Gillick, who failed to acknowledge that Claimant's work injury was limited to his lumbar strain/sprain. Claimant's position is that the WCJ had sufficient competent evidence to conclude that Claimant had not recovered from his work injuries, which included a herniated lumbar disc, and that the WCJ properly credited the testimony of Dr. Gillick, specifically rejected the testimony of Dr. Smith and properly modified the NCP because it was materially incorrect.

■ In termination proceedings the employer bears the burden of proving that the claimant's work injury has ceased. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997). Pursuant to the first paragraph of Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771,[2] the WCJ may amend the description of the claimant's work injury by modifying an NCP if it is proved to be materially incorrect or if the claimant's disability status has changed. *Jeanes Hospital v.*

---

1. The Court's review in workers' compensation matters is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the practices and procedures of a Commonwealth agency were followed and whether the findings of fact made by the WCJ and necessary to support its decision were supported by substantial evidence. 2 Pa.C.S. § 704; *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 573 Pa. 386, 825 A.2d 1236 (2003).

2. The first paragraph of Section 413(a) of the Act provides:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, *or in the course of the proceedings under any petition pending before such workers' compensation judge,* if it be proved that such notice of compensation payable or agreement was in any material respect incorrect. (Emphasis added.)

*Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005). An NCP is materially incorrect if the accepted injury fails to include all of the injuries that the claimant suffered in the work incident, including injuries that cause an increase in the claimant's disability. *Id.*

The record here contains sufficient competent evidence to support the WCJ's finding that Claimant sustained a herniated lumbar disc as a result of the March 2004 work injury. Dr. Gillick testified that he performed objective tests on Claimant, who experienced a significant change in his imaging study and symptoms after the March 2004 work incident. April 15, 2005 Deposition of Dr. Gillick at 21. He also testified that Claimant was unable to perform tasks such as the work that he had performed for Employer. *Id.* at 22. Dr. Gillick opined that, within a reasonable degree of medical certainty, Claimant did not suffer from a pre-existing medical condition because his MRI and myelogram results confirmed a new injury in 2004 or at least a worsening of an underlying problem. *Id.* at 23.

The WCJ specifically rejected Dr. Smith's contrary medical opinion. He testified that Claimant's March 2004 work injury was merely a soft tissue strain in his back from which he had fully recovered, while Claimant presented medical testimony that the WCJ accepted as credible, persuasive and sufficiently convincing to prove that Claimant sustained a herniated lumbar disc as a result of the March 2004 work injury from which he had not recovered. It is well settled that "the appellate role is not to reweigh the evidence or to review the credibility of the witnesses." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 293, 612 A.2d 434, 437 (1992). The Court accordingly rejects Employer's argument that the WCJ erred in expanding Claimant's accepted work injury and holds that the WCJ properly concluded that Employer failed to satisfy its burden of proof on the termination petition.

### *ORDER*

AND NOW, this 7th day of September, 2007, the Court affirms the order of the Workers' Compensation Appeal Board.

### DISSENTING OPINION BY Judge PELLEGRINI.

Because a Notice of Compensation Payable (NCP) cannot be amended in a termination proceeding to add injuries not listed in the NCP unless Petition for Review pursuant to Section 413(a) of the Act is filed, I respectfully dissent.

To defend against Employer's termination petition alleging that he had fully recovered from a lumbar strain/sprain, the injury listed on the NCP, Claimant offered medical expert testimony that he had a work-related herniated lumbar disc. No separate petition to amend the NCP was filed. Accepting Claimant's medical expert's testimony, the Workers' Compensation Judge (WCJ) denied Employer's termination petition and amended the NCP to include the herniated disc. The Board denied Employer's appeal, finding that the WCJ properly amended the NCP and denied the termination petition because Employer failed to offer any evidence that Claimant had recovered from his herniated lumbar disc.

In this appeal, Employer, among other things, contends that the WCJ could not amend the NCP in a termination petition even if he found the NCP materially incorrect. To do so, it argues that Claimant would have been required to file a separate petition to amend the NCP. The majority rejects Employer's argument because Sec-

tion 413(a) of the Workers' Compensation Act [1] provides, in pertinent part:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable ... or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect. (77 P.S. § 771.)

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable ... upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased ... (77 P.S. § 772.)

Under the majority's interpretation of this provision, to amend an NCP, a claimant does not need to file a separate petition, but can do so in any pending petition including, as here, a termination petition. Because the majority's holding is directly contrary to our Supreme Court's decision in *Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005), I respectfully dissent.

In Jeanes Hospital, our Supreme Court set forth what a claimant must do to amend an NCP, stating:

> When an NCP description of injury does not correctly reflect the actual injury or

enumerate all of the injuries sustained in a work-related incident, Section 413(a) sets forth the procedure by which the NCP is modified. Pursuant to Section 413(a), a claimant must file a Petition to Review Notice of Compensation Payable, which is treated like a claim petition. As in a claim petition, the claimant has the burden of proving all elements to support the claim for benefits. In the instant matter, Appellant filed a Petition to Review Notice of Compensation Payable and sustained her burden of demonstrating a material misstatement of fact.

*See also Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 556 Pa. 325, 728 A.2d 902 (1999).

Accordingly, because Claimant did not file a petition to amend the NCP, I respectfully dissent.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 771–772.