COMMONWEALTH of Pennsylvania, Petitioner

v.

**Adam REED, Respondent.**

Supreme Court of Pennsylvania.

May 16, 2008.

### ORDER

PER CURIAM.

**AND NOW,** this 16th day of May 2008, the Petition for Allowance of Appeal is **GRANTED.** The issue, as stated by the petitioner, is:

Did the Superior Court err by ordering the reinstatement of defendant's appellate rights *nunc pro tunc* where his right to appeal was not denied and where he failed to establish that he sustained any prejudice as a result of counsel's actions?

CINRAM MANUFACTURING, INC. and PMA Group, Petitioners

v.

**WORKERS' COMPENSATION APPEAL BOARD (HILL), Respondents.**

Supreme Court of Pennsylvania.

May 19, 2008.

### ORDER

PER CURIAM.

**AND NOW,** this 19th day of May 2008, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by the petitioner, are:

{1} Whether the Commonwealth Court and the WCAB erred in affirming the decision of the WCJ improperly amending the notice of Compensation payable to include a herniated lumbar disc in a proceeding on a termination petition where no Review petition had been filed, contrary to the Supreme Court's decision in *Jeanes Hospital v. WCAB (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005) and *Commercial Credit Claims v. WCAB (Lancaster)*, 556 Pa. 325, 728 A.2d 902 (1999)?

{2} Whether the Commonwealth Court and the WCAB erred in affirming the Decision of the WCJ which was not based on substantial and competent evidence of record where the WCJ relied upon incompetent medical testimony and which never addressed the accepted work-related injury and incorrectly attributed responsibility to the petitioner for a pre-existing herniated disc?