# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Redner's Markets, Inc. and | : | |
| Inservco Insurance Co., | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 98 C.D. 2015 |
| | : | Submitted: July 10, 2015 |
| Workers' Compensation Appeal | : | |
| Board (Renninger), | : | |
| Respondent | : | |

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: August 27, 2015**

In this appeal, Redner's Markets, Inc. and Inservco Insurance Co. (collectively, Employer) ask whether the Workers' Compensation Appeal Board (Board) erred in affirming a decision of a Workers' Compensation Judge (WCJ) that granted Suzanne Renninger's (Claimant) petition to review workers' compensation benefits. Employer argues the workers' compensation authorities erred in failing to determine Claimant's review petition was barred by *res judicata*. Upon review, we affirm.

## I. Background

Claimant worked for Employer as a cake decorator. In August 2007, she sustained a work-related right hand injury in the nature of carpal tunnel syndrome as a result of cumulative trauma. Shortly thereafter, Claimant underwent surgery. Claimant filed a claim petition. Ultimately, Employer accepted the injury

by stipulation, which a WCJ approved. Pursuant to that stipulation, Claimant received indemnity benefits of $188.12 per week based on an average weekly wage of $209.02.

Thereafter, the parties entered into a second stipulation, approved by a different WCJ, which resolved a petition to review medical treatment and a petition to review compensation benefits. Through that stipulation, the parties agreed to amend the description of the work injury to include complex regional pain syndrome (CRPS) type 2 of the upper right extremity. The parties specifically agreed that the stipulation would not bar either party from filing a review petition to amend the description of the work injury should the need to do so arise in the future. WCJ Op., 1/24/14, Finding of Fact (F.F.) No. 2; Reproduced Record (R.R.) at 55a, 525a.

In September 2010, Claimant filed, among other things, a review petition (2010 review petition), seeking to amend the description of the accepted injury to include an overuse injury of the left upper extremity and depression. Ultimately, in 2011, a WCJ issued a decision that granted Claimant's 2010 review petition, which further amended the description of the work injury to include carpal tunnel syndrome of the left upper extremity. As a result, the established work injuries were "carpal tunnel syndrome of the right upper extremity; [CRPS] Type 2 of the right upper extremity; carpal tunnel syndrome of the left upper extremity." R.R. at 429a; F.F. No. 2.

In January 2013, Claimant filed another review petition (2013 review petition),[1] which is the petition directly at issue here, in which she alleged: "One of [her] symptoms … is insomnia due to the extreme discomfort arising out of her [CRPS]. A review to include her sleeping disorder arising from her injury is requested so that her medical care for same can be covered." R.R. at 464a. Employer denied that Claimant's insomnia was in any way related to the accepted work injury. Moreover, it averred Claimant was barred from adding insomnia to the description of the injury pursuant to this Court's decision in Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems), 960 A.2d 949 (Pa. Cmwlth. 2008) (holding that a claimant's failure to litigate his neck and cervical injuries in a prior review petition barred him from raising the issue in a subsequent review petition).

In addition, Employer filed a motion to dismiss Claimant's 2013 review petition alleging that, although Claimant did not litigate the specific issue of her insomnia/sleep disorder during her prior, 2010 review petition, the medical evidence indicated she should have done so. In particular, medical records from 2007 and 2009 revealed Claimant experienced difficulty sleeping, and at multiple WCJ hearings, Claimant herself testified she had difficulty sleeping prior to the filing of her 2010 review petition. Under these circumstances, Employer argued

---

[1] Previously, in August 2012, Claimant filed a review petition in which she alleged: "One of the symptoms of the Claimant is insomnia due to the extreme discomfort arising out of her [CRPS]. She has consulted George Heffner, M.D. in order to be medicated in some manner which can assist her in getting relief and [Employer] refuses to pay for same. A review to include her sleeping disorder arising from her injury is requested so that her medical care for same can be covered." Reproduced Record (R.R.) at 445a. Employer denied the allegations. About a month later, Claimant sought to withdraw this review petition. A WCJ later dismissed the review petition as withdrawn without prejudice. R.R. at 452a.

3

that, pursuant to <u>Weney</u>, Claimant's review petition was barred by technical *res judicata*.

Thereafter, a WCJ issued an interim/interlocutory decision and order that denied Employer's motion to dismiss Claimant's 2013 review petition based on a determination that this case was more akin to this Court's decision in <u>Knouse v. Workers' Compensation Appeal Board (G.O.D., Inc.)</u>, 886 A.2d 329 (Pa. Cmwlth. 2005) (declining to apply *res judicata* or collateral estoppel so as to bar a claimant's review petition, where petition merely sought to clarify the nature of the established work injury) than the reasoning in <u>Weney</u>.[2]

Specifically, the WCJ explained, unlike the claimant in <u>Weney</u>, who filed successive review petitions seeking to add a distinct injury that the claimant was aware of at the time he filed his initial review petition, Claimant here was not seeking to add a separate injury. Rather, like the claimant in <u>Knouse</u>, Claimant sought an amendment in order to further explain and refine her established CRPS injury description. "In effect," the WCJ stated, "Claimant may be fairly seen as seeking to simply clarify what was previously defined – her [CRPS] – as causing her symptom of insomnia." WCJ's Interim/Interlocutory Decision, 5/3/13, at 4.

---

[2] The WCJ also cited a prior Board decision, <u>see</u> <u>Fernandez v. The Dress Barn Inc.</u> (Pa. W.C.A.B., No. A09-0789, filed January 12, 2011), 2011 WL 265705, which applied <u>Knouse v. Workers' Compensation Appeal Board (G.O.D., Inc.)</u>, 886 A.2d 329 (Pa. Cmwlth. 2005), and distinguished <u>Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems)</u>, 960 A.2d 949 (Pa. Cmwlth. 2008).

After hearings and the receipt of medical evidence, the WCJ granted Claimant's 2013 review petition and amended the description of the work injury to include a sleep disorder in the nature of insomnia. In so doing, the WCJ incorporated the analysis set forth in his interim/interlocutory decision that denied Employer's motion to dismiss Claimant's 2013 review petition on the ground that it was barred by *res judicata*.

In addition, the WCJ credited the deposition testimony of Dr. A. Leo Osterman, M.D. (Claimant's Physician), who is board certified in orthopedic surgery, over the opinions expressed in the report of Dr. David M. Raizen, M.D., Ph.D., (Employer's Physician), who is board certified in neurology. The WCJ explained:

> Turning to the question of Claimant's inability to sleep or insomnia being related to her 2007 work injury, this Judge notes that [Claimant's Physician] did opine that it is secondary to her accepted diagnosis – her RSD or [CRPS]. While [Employer's Physician] did present the possibility that Claimant had sleep issues prior to her 2007 injury date, the best he could do from his record review was to write that he had insufficient information to make a determination as to whether Claimant's current issues were related to her 2007 injury. [Claimant's Physician's] opinion, on the other hand, was clear. He stated Claimant's insomnia is, '…secondary to her chronic pain and to her depression, absolutely, which is related to the work injury.' ([Claimant's Physician's] depo at pg. 11) Again, [Claimant's Physician's] long standing role as Claimant's treating physician cannot be ignored. His testimony on this point, therefore, is accepted as fact.

F.F. No. 10(b). Thus, the WCJ granted Claimant's review petition, and, based on the testimony of Claimant's Physician, he amended the description of the accepted injury to include a sleep disorder in the nature of insomnia.

5

Employer appealed, and the Board affirmed. The Board rejected Employer's sole argument that Claimant's 2013 review petition was barred by *res judicata* or collateral estoppel, finding no error in the WCJ's determination that under <u>Knouse</u> Claimant could file a review petition to clarify the previously accepted injury description to include insomnia, which is a symptom of her CRPS diagnosis. The Board also agreed that <u>Weney</u> was distinguishable as Claimant did not file serial review petitions seeking to add injuries to completely different body parts. Thus, the Board determined that Claimant's review petition was not barred by *res judicata*. Employer now petitions for review to this Court.[3]

## II. Discussion
### A. Contentions

On appeal,[4] Employer argues Claimant filed her 2010 review petition, seeking to amend the description of the injury to include an overuse injury of the upper left extremity and depression. Employer asserts Claimant filed her 2013 review petition, seeking to amend the description of the injury to include insomnia and sleeping disorder.

---

[3] After filing its petition for review, Employer filed an application for supersedeas, which a single judge of this Court denied on the ground that Employer did not make a strong showing that it was likely to prevail on the merits. Specifically, the single judge determined, based on a review of <u>Weney</u> and <u>Knouse</u>, it could not be said that the workers' compensation authorities clearly erred in applying the holding of <u>Knouse</u> to the facts presented in this case.

[4] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. <u>Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)</u>, 38 A.3d 1037 (Pa. Cmwlth. 2011).

Employer contends Claimant testified she had work-related sleep disorders since at least August 2007. Claimant also testified in 2009 and 2010 that she was aware of her pain-related sleep disorder. Further, Claimant showed symptoms of a sleep disorder in her Physician's medical records, dated December 12, 2007. Claimant's Physician's medical reports from 2009 also note Claimant's sleep disorder. Additionally, Dr. Martin D. Cheatle, Ph.D., who evaluated Claimant in response to her Physician's referral, diagnosed sleep disturbance caused by Claimant's work injury a year before she filed her 2010 review petition.

Employer maintains Claimant had sufficient notice and opportunity to allege work-related insomnia and sleep disorder before filing her 2010 review petition, and most certainly before filing her 2013 review petition. Because Claimant did not do so, Employer argues, she is now barred from alleging this condition in her 2013 review petition under the doctrine of technical *res judicata*.

Employer asserts the facts here present a similar, if not more persuasive scenario than the situation before this Court in Weney. Further, it argues, this case is distinguishable from Knouse, upon which the WCJ and the Board relied. Thus, Employer contends that this Court should reverse the decisions of the WCJ and the Board and deny Claimant's review petition.

Claimant responds that the Board's order is legally sufficient and does not constitute reversible error; thus, this Court should not disturb it. Claimant argues the grant of her 2013 review petition was proper as that petition merely attempted to define a condition that was a consequence of her accepted CRPS

stemming from her accepted work injuries. As a result, Claimant maintains, her review petition cannot be barred under case law applying the doctrine of technical *res judicata*.

Claimant asserts she testified before the WCJ regarding the difficulties she had relative to her insomnia and attributed those difficulties to the severe pain she experiences from her accepted CRPS. R.R. at 522a. Claimant contends she dealt with sleep issues for an extended period because of pain from her accepted work injuries, and she filed a review petition *only* after Employer made it necessary to do so by failing to pay for treatment attendant to her insomnia. Id.

Claimant argues the credible medical evidence confirms her sleep disorder is a consequence of her accepted CRPS, which a WCJ accepted as the work injury in August 2008. Claimant asserts her 2013 review petition merely sought to clarify the resulting and consequential conditions associated with her CRPS diagnosis. R.R. at 463a. At no time did Claimant seek to add her sleep disorder and insomnia to her injury description as an independent condition or diagnosis, which could be barred by technical *res judicata*.

Claimant further maintains the WCJ and the Board properly relied on Knouse, which holds that a subsequent review petition merely seeking to clarify the description of an injury found in a prior decision is not barred by *res judicata*. Because the WCJ and the Board properly relied on Knouse in granting her review petition, Claimant asserts, this Court should affirm those decisions here.

8

## B. Analysis

The filing of a review petition is appropriate to obtain an amendment to the established description of the work injury based on subsequently arising medical conditions that are related to the original injury; *i.e.*, consequential conditions. Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill), 975 A.2d 577 (Pa. 2009). Where a claimant files a review petition seeking to amend the description of the accepted work injury to include such conditions, the claimant bears the burden of proof. Commercial Credit Claims v. Workmen's Comp. Appeal Bd. (Lancaster), 728 A.2d 902 (Pa. 1999). Thus, a claimant must show the additional conditions alleged are causally related to the work injury. Id. In cases where the causal relationship is not obvious, a claimant must establish causation with unequivocal medical evidence. Degraw v. Workers' Comp. Appeal Bd. (Redner's Warehouse Mkts., Inc.), 926 A.2d 997 (Pa. Cmwlth. 2007).

Technical *res judicata* and collateral estoppel are both encompassed within the parent doctrine of *res judicata*, which "prevents the relitigation of claims and issues in subsequent proceedings." Channellock, Inc. v. Workers' Comp. Appeal Bd. (Reynolds), 72 A.3d 731, 738-39 (Pa. Cmwlth. 2013) (citations omitted).

Pursuant to the doctrine of technical *res judicata*, often referred to as claim preclusion, "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." Id. at 739 (citations omitted). In order for technical *res judicata* to apply, there must be: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and

9

parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." Id. Technical *res judicata* may be applied to bar "claims that were actually litigated as well as those matters that should have been litigated." Id. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings. Id.

The doctrine of collateral estoppel, often referred to as "issue preclusion," is designed to prevent re-litigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated. Id. It applies where:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

Id. (citation omitted).

In support of its assertion that Claimant's 2013 review petition is barred by *res judicata*, Employer relies on Weney. There, the claimant sustained a work-related left shoulder strain when he fell from a ladder. The employer accepted the injury. Several months later, the claimant filed a review petition seeking to amend the accepted injury description to include additional injuries to the shoulder as well as a biceps injury. The parties ultimately stipulated to amend the injury description to include the additional shoulder injuries, and a WCJ approved the stipulation. Eleven days later, the claimant filed a second review

petition, again seeking to amend the description of the work injury to include cervical injuries. A WCJ granted the second review petition. The employer appealed to the Board, arguing the WCJ erred in failing to address its assertion that the second review petition was barred by technical *res judicata* or collateral estoppel. Because the record revealed that the claimant's physician informed the claimant that his cervical injuries were work-related at the time the claimant filed his first review petition, the Board concluded the claimant should have sought to include those injuries during the litigation on the first review petition because the parties were addressing additional injuries the claimant suffered in the initial work incident. Thus, the Board determined the claimant's second review petition was barred by *res judicata*.

The claimant appealed to this Court, arguing the Board erred in determining his second review petition was barred by *res judicata* where there was no "identity of the cause of action" in that the first review petition proceedings related to a shoulder injury and did not involve an allegation of an injury to the neck or cervical spine. Ultimately, we rejected this argument, and we agreed with the Board that the claimant's second review petition was barred by technical *res judicata*. We stated: "Although [the] [c]laimant did not actually litigate the specific issue of his neck or cervical spine injury during the earlier proceedings on his [first review petition], the record evidence clearly establishes that he should have done so." Id. at 955. In particular, the claimant testified he experienced neck pain after the work incident, and he reported it to his treating physicians. Further, one of the claimant's treating physicians testified that he advised the claimant of his belief that the neck pain was related to the original work incident at the time the

11

claimant filed his *first* review petition. Around that same time, the claimant also underwent an MRI that revealed four herniated discs, which was consistent with the claimant's complaints of neck pain. We explained this constituted "concrete evidence" that the claimant was aware of his neck injury and its relatedness to the work incident during the proceedings on his first review petition. Id. at 956. As a result, the claimant should have litigated the neck injury at that time. Thus, we held the claimant's second review petition was barred by technical *res judicata*. Further, we stated:

> [I]f we were to allow amendments to notices of compensation payable pursuant to Section 413(a) [of the Act[5]] in situations such as this one, the result would be that litigants could file piece-meal review petitions without any justification for doing so, thereby requiring others to continually waste time and resources defending against issues that should have been raised in earlier proceedings.

Id. (citation omitted).

In Knouse, relied on by the WCJ, the Board and Claimant, a WCJ granted the claimant's claim petition finding he sustained, among other things, a sprained low back. In a second decision granting the claimant's reinstatement petition, the WCJ, relying on the claimant's physician's opinion, found the claimant's "lumbar disc strain" was best described as "an annular disruption at L4-5." Id. at 331. Thereafter, the claimant filed a review petition, asserting, as a precautionary measure, he sought to ensure the WCJ's finding regarding the nature of the injury was incorporated in the injury itself. Ultimately, the WCJ found the

---

[5] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §771.

12

sprained low back the claimant suffered as a result of the original work injury included an annular disruption at L4-5. The employer appealed, arguing *res judicata* barred the WCJ from modifying the description of the injury to include an annular disruption. The Board agreed, and it reversed the WCJ's decision.

On further appeal to this Court, the claimant argued the Board erred in applying *res judicata*. We agreed. In so doing, we explained that, in his original decision, the WCJ found the claimant suffered a sprained low back. During later proceedings, the claimant's physician explained a sprained low back could be described as an annular disruption. We concluded the claimant's physician's testimony adequately addressed the recognized work injury, and there was no conflict between his diagnosis of an annular disruption and the original finding that the claimant suffered a low back sprain. Thus, in granting the review petition and including the annular disruption, the WCJ "*merely clarified* what already had been litigated." Id. at 335 (emphasis in original). We stated:

> Because [the claimant's physician's] credible testimony established that [the] [c]laimant's annular disruption at L4-5 was part of his [initial] work-related low back strain, the evidence accepted supports such clarification, and we see no error in the WCJ's taking this action. Significantly, such clarification is exactly what [the] [c]laimant sought by filing his review petition. …
>
> The filing of a review petition has been identified as the proper procedure for obtaining clarification of an employer's obligations under a WCJ's award, *see Department of Public Welfare v. Workers' Compensation Appeal Board (Overton)*, 783 A.2d 358 (Pa. Cmwlth. 2001), and we see no reason why it may not also be used as a means to clarify a claimant's rights under a WCJ's award.

13

Id. at 335-36 (emphasis added). Thus, we held the claimant's review petition was not barred by *res judicata* or collateral estoppel.

Upon review, we discern no error in the WCJ's grant of Claimant's 2013 review petition. More particularly, through her 2013 review petition, Claimant alleged: "One of [her] symptoms … is insomnia due to the extreme discomfort arising out of her [CRPS]. A review to include her sleeping disorder arising from her injury is requested so that her medical care for same can be covered." R.R. at 464a. In granting the 2013 review petition, the WCJ credited the opinion of Claimant's Physician that Claimant's insomnia is "secondary to her chronic pain and to her depression, absolutely, which is related to the work injury." F.F. No. 10(b); Certified Record (C.R.), Ex. C-02, Dep. of A. Lee Osterman (Osterman Dep.), 11/9/12, at 11. Further, the WCJ expressly discredited the report of Employer's Physician, who "present[ed] the possibility that Claimant had sleep issues prior to her 2007 injury date[;] [however,] the best he could do from his record review was to write that he had insufficient information to make a determination as to whether Claimant's current [sleep] issues were related to her 2007 injury." F.F. No. 10(b).

Further, we reject Employer's argument, premised on Weney, that the workers' compensation authorities erred in failing to determine that Claimant's 2013 review petition was barred by *res judicata*. To that end, like the WCJ and the Board, we agree that Weney is distinguishable here. More particularly, in Weney the record revealed "concrete evidence" in the form of medical testimony and a diagnostic study that supported the determination that the claimant was aware of

14

the additional injury he sought to include and its work-relatedness during the proceedings on his first review petition. Id. at 956. Here, however, the WCJ made no finding that a physician specifically advised Claimant that her insomnia was work-related prior to or during the proceedings on her 2010 review petition. This is not surprising given that, in its brief to this Court, Employer points to no such evidence. Although Employer attempts to cobble together various snippets from the record that it claims support a factual determination that Claimant was aware her insomnia and sleep disorder were work-related before or during the proceedings on her 2010 review petition, it makes no clear assertion that a physician actually informed Claimant of the work-relatedness of her insomnia prior to or during those proceedings. More importantly, we will not reweigh the evidence in order to arrive at such a factual determination. Elk Mountain Ski Resort, Inc. v. Workers' Comp. Appeal Bd. (Tietz, deceased, and Tietz-Morrison), 114 A.3d 27, 32 n.5 (Pa. Cmwlth. 2015) ("Our appellate role in a workers' compensation case is not to reweigh the evidence ….").

In addition, unlike in Weney, where the claimant filed successive review petitions seeking to add separate injuries arising out of the original work incident, Claimant here did not seek to add a separate injury through the filing of her 2013 review petition. Rather, through her review petition, Claimant sought to add insomnia to the established work injuries as a symptom (and consequence) of her recognized CRPS. R.R. at 464a. Further, Claimant's Physician credibly opined that Claimant's insomnia is "a symptom" of her accepted CRPS work injury. C.R., Ex. C-02, Osterman Dep. at 19 (emphasis added). Thus, through her

15

2013 review petition, Claimant sought to clarify or refine the scope of her accepted injury rather than attempting to add a new injury.

Further, in its brief to this Court, Employer omits the fact that, despite reviewing the medical records and hearing transcripts that Employer claims support its argument that Claimant previously knew or should have known her insomnia was related to the accepted work injury, Employer's Physician could not render an unequivocal medical opinion on the issue of whether Claimant's insomnia was, in fact, work-related. F.F. No. 10(b); C.R., Employer's Ex. D-05 (Report of David M. Raizen, M.D., Ph.D., at 4). Thus, while Employer asserts Claimant "undoubtedly knew or should have known about this potential work-related condition prior to filing the [2010] [r]eview [p]etition, and clearly before filing the [2013] [r]eview [p]etition[,]" Employer's own medical expert could not render such an opinion. Pet'r's Br. at 19.

Moreover, we agree with the workers' compensation authorities that this case is analogous to Knouse. There, we expressly sanctioned the filing of a review petition as the proper vehicle for clarifying a claimant's rights regarding the description of an established work injury. As the WCJ found, that is essentially what occurred here. Indeed, as the WCJ explained, Claimant's 2013 review petition sought "simply [to] clarify what was previously defined – her [CRPS] – as causing her symptom of insomnia." WCJ's Interim/Interlocutory Decision, 5/3/13, at 4; F.F. No. 9 (incorporating WCJ's Interim/Interlocutory Decision into decision granting Claimant's 2013 review petition). Further, Claimant's Physician credibly opined Claimant's insomnia was a symptom of her accepted CRPS diagnosis, and

16

his credited testimony in no way conflicts with the established description of the work injury.  Under these circumstances, we discern no error in the determinations of the workers' compensation authorities that Claimant's 2013 review petition was not barred by *res judicata* as it merely sought to clarify or refine Claimant's rights based on her accepted work injury.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Redner's Markets, Inc. and :
Inservco Insurance Co., :
                Petitioners :
                 :
              v. : No. 98 C.D. 2015
                 :
Workers' Compensation Appeal :
Board (Renninger), :
                Respondent :

**O R D E R**

**AND NOW**, this 27th day of August, 2015, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                      _____
                                        ROBERT SIMPSON, Judge