IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Weis Markets, Inc.,                        :
                 Petitioner        :
                                :
        v.                        :  No. 1628 C.D. 2016
                                :  SUBMITTED: January 20, 2017
Workers' Compensation Appeal       :
Board (Roman),                         :
                 Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY          FILED: March 31, 2017


       Weis Markets, Inc. (Employer), petitions for review of the September 7, 2016 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) following a remand order issued by the Board. The WCJ granted James Roman's (Claimant) petition to review compensation benefits (Review Petition) and his petition to review medical treatment and/or billing (Medical Petition), and denied Employer's petition to terminate and/or suspend (Termination/Suspension Petition) Claimant's workers' compensation benefits. We affirm.

Since 2009, Claimant worked for Employer as an assistant store manager. On December 20, 2011, Claimant slipped while working in the meat department and sustained a work-related injury to his left knee. Employer, in a temporary notice of compensation payable (TNCP), recognized the injury as a left knee strain/sprain. The TNCP later converted to a notice of compensation payable (NCP). Since that time, Claimant had surgery on both knees.

Prior to the work-related injury, Claimant suffered from mild chronic depression. Claimant treated with his family physician, who prescribed Citropram. Claimant was able to work full-time, was never hospitalized for depression, and was able to engage in hobbies and activities with his family.

After the work-related injury, Claimant was hospitalized on three occasions for depression, has undergone numerous courses of electric shock therapy, and his medications have increased to include Seroquel, Prozac, and Trazodone. Claimant is considered a high risk of suicide and his depression is characterized as life threatening.

On June 21, 2012, Employer filed a Termination/Suspension Petition alleging that as of May 29, 2012, Claimant had fully recovered from the work-related injury and work was available on June 11, 2012 at Claimant's pre-injury wage. On June 22, 2012, Claimant filed a Review Petition seeking to amend the description in the NCP to include a right knee injury. On December 26, 2012, Claimant filed a Review Petition and Medical Petition seeking to have the injury description modified to include major depressive disorder, post-traumatic stress

2

disorder, and anxiety disorder. Claimant also requested Employer pay medical bills related to the right knee and psychological injuries.

On November 14, 2013, the WCJ granted Claimant's petitions and amended the injury description to include a complex tear in the posterior horn of the medial meniscus of the right knee and exacerbation or worsening of major depression recurrent and chronic pain syndrome. The WCJ denied Employer's Termination/Suspension Petition. Employer appealed to the Board.

On October 16, 2014, the Board remanded the matter to the WCJ to consider all competent evidence of record in making its determination. On May 19, 2015, the WCJ denied Employer's Termination/Suspension Petition and granted Claimant's Review and Medical Petitions. The WCJ further amended the NCP to include the left knee injury of a complex tear in the posterior horn of the medial meniscus and a radial tear in the lateral meniscus, the right knee injury of a complex tear in the posterior horn of the medial meniscus, and the exacerbation or worsening of major depression recurrent and chronic pain syndrome. Employer appealed to the Board, which affirmed. Employer now petitions this Court for review.[1]

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. Employer only seeks review with regard to the addition of the psychological injury to the NCP. It does not contest the addition of the right-knee injury.

3

Initially, we note that depending on the facts of a particular case, one of two different standards is used to determine whether a claimant's mental disability is compensable under the Workers' Compensation Act (Act).[2] If a claimant's mental disability is caused by a work-related physical injury, the physical/mental standard applies. *Murphy v. Workers' Compensation Appeal Board (Ace Check Cashing, Inc.)*, 110 A.3d 227, 234-35 (Pa. Cmwlth. 2015). Under the physical/mental standard, a claimant may be eligible for benefits under the Act if the claimant establishes "that the mental injury resulted from a triggering physical stimulus [that] arose during the course of employment." *Id.* at 234. The claimant is not required to establish a physical disability, only an injury, and the injury does not need to continue during the life of the mental injury. *Id.* If a claimant's mental disability is caused by a psychological stimulus, the mental/mental standard should be applied. *Id.* at 235. Under the mental/mental standard, a claimant may be eligible for benefits under the Act if the claimant establishes that the mental injury is the result of abnormal working conditions. *Id.*

Employer contends that the Board erred as a matter of law in affirming the WCJ's determination that the mental injury should be analyzed under the physical/mental injury standard. Specifically, Employer argues that the worsening of Claimant's depression was not caused by the knee injury and repair, but arose from his long-standing social and family pressures with the addition of financial issues, his subjective reaction to being classified as a non-active employee, and the loss of eligibility for Employer's health care coverage.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.4, 2501-2708.

4

When a claimant seeks to amend a NCP pursuant to section 413 of the Act,[3] he has the burden of proving that his disability "has increased and that the original work-related injury caused the amending disability." *Huddy v. Workers' Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 592 (Pa. Cmwlth. 2006). A claimant who files a petition seeking to amend the original NCP to include a mental disability must prove a causal relationship between the work-related injury and the subsequent psychiatric injury. *Commercial Credit Claims v. Workmen's Compensation Appeal Board (Lancaster)*, 728 A.2d 902, 906 (Pa. 1999); *see also Ryan v. Workm[e]n's Compensation Appeal Board (Community Health Services)*, 707 A.2d 1130, 1133-34 (Pa. 1998). Where the connection between the work incident and the injury is not obvious, a claimant must prove by unequivocal medical evidence that the work incident caused the injury. *Jeannette District Memorial Hospital v. Workmen's Compensation Appeal Board (Mesich)*, 668 A.2d 249, 251 (Pa. Cmwlth. 1995). Where medical testimony is needed to establish the causal connection, the medical witness must testify that, in his professional opinion, the injury came from the work incident. *Lewis v. Workmen's Compensation Appeal Board*, 498 A.2d 800, 802 (Pa. 1985).

---

[3] Section 413 of the Act, 77 P.S. §772, provides in pertinent part:

> A [WCJ] designated by the department may, at any time, modify, reinstate, suspend, or terminate a [NCP] . . . upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased. . . . Such modification . . . shall be made as of the date upon which it is shown that the disability of the injured employe has increased. . . .

5

Here, Claimant suffered a physical injury to his left and right knee, both of which required surgery. Claimant testified that he is in constant pain due to his knee injuries. Dr. Fischbein testified that Claimant suffers "from a major depression recurrent that had been longstanding but was of less severity prior to his work injury. . . . Since the accident. . . he had an exacerbation or worsening of his major depression recurrent." (Dr. Fischbein's Depo., at 37-38.) Dr. Fischbein further testified that Claimant also "suffers from a chronic pain syndrome where he has chronic pain in both lower extremities. . . . The chronic pain syndrome is secondary to his work injury of 12/20/11 and the poor outcome on the surgeries and rehabilitation to try to address those injuries." (*Id.* at 38.) Dr. Fischbein opined that Claimant's

> major depression recurrent preexisted this event in question but clearly was exacerbated and made much worse and more difficult to manage as a result of the injury of 12/20/11, and [] the chronic pain syndrome for the most part would be directly related. He did not suffer from a chronic pain syndrome prior to the injury in question.

(*Id.* at 38-39.) The WCJ found Dr. Fischbein and Claimant credible.[4] Thus, the WCJ's findings of fact were supported by substantial evidence because Claimant did produce evidence of a causal relationship between the work-related injury and the subsequent psychiatric injury with expert medical testimony. *See Commercial Credit Claims*, 728 A.2d at 906; and *Ryan*, 707 A.2d at 1133-34. For these

---

[4] The WCJ is the ultimate fact finder and credibility determinations are for the WCJ and not this Court. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 2 A.3d 689, 698 (Pa. Cmwlth. 2010), *rev'd*, 81 A.3d 830 (Pa. 2013).

reasons, we hold that the physical/mental standard is applicable here and the WCJ was correct in applying such.

Next, Employer contends that the Board erred in affirming the WCJ's determination because the WCJ's finding that Claimant suffered an additional injury in the nature of a mental disorder was not supported by substantial competent evidence. As stated above, Dr. Fischbein testified that Claimant suffered an exacerbation of his depressive disorder caused by the work injury and the WCJ found such testimony credible. Thus, this finding was supported by substantial competent evidence.

Finally, Employer contends that the WCJ's finding that Claimant's left knee injury was the physical stimulus for the disabling depression disorder is not supported by substantial competent evidence. Again, the credited testimony of Dr. Fischbein supports the WCJ's finding that Claimant's exacerbation of his depressive disorder was caused by his injuries of December 20, 2011.

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Weis Markets, Inc.,                          :
                Petitioner          :
                                     :
           v.                   :   No. 1628 C.D. 2016
                                     :
Workers' Compensation Appeal       :
Board (Roman),                       :
                Respondent          :

O R D E R

AND NOW, this 31st day of March, 2017, the order of the Workers'
Compensation Appeal Board in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge